AO 442 (Rev. 10/03) Warrant for Arrest

# UNITED STATES DISTRICT COURT

District of VERMONT

UNITED STATES OF AMERICA

V.

DIEGO SILVA

## WARRANT FOR ARREST

Case Number: 2:07-CR-29-1

1:07-M-58M

To: The United States Marshal
and any Authorized United States Officer

YOU ARE HEREBY COMMANDED to arrest Deigo Silva
Name

and bring him or her forthwith to the nearest magistrate judge to answer a(n)

☐ Indictment ☐ Information ☐ Complaint ☑ Order of court ☐ Probation Violation Petition ☐ Supervised Release Violation Petition ☐ Violation Notice

charging him or her with (brief description of offense)

U.S. MARSHALS SERVICE
DISTRICT OF VERMONT
2007 MAY 22 A 11: 34

in violation of Title ____________ United States Code, Section(s) ____________

Lisa Wright
Name of Issuing Officer

Lisa Wright
Signature of Issuing Officer

Deputy Clerk
Title of Issuing Officer

5/22/2007 Burlington, VT
Date Location

COPY
FOR CASE FILE AND/OR INVESTIGATIVE PURPOSES ONLY
ORIGINAL ON FILE USMS VT

**RETURN**

This warrant was received and executed with the arrest of the above-named defendant at

| DATE RECEIVED | NAME AND TITLE OF ARRESTING OFFICER | SIGNATURE OF ARRESTING OFFICER |
|---|---|---|
| DATE OF ARREST | | |

U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED
2007 MAY 21 PM 3:30
CLERK
BY ________
DEPUTY CLERK

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF VERMONT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Crim. No.: 2:07-CR-29 |
| | ) | |
| | ) | |
| DIEGO SILVA | ) | |

**MOTION FOR REVOCATION OF CONDITIONS OF RELEASE AND REQUEST FOR A WARRANT**

At his initial appearance, defendant Diego Silva was released on personal recognizance with the mistaken understanding that he had legal status in the United States. The government learned on Thursday, May 18, that the defendant is not lawfully in the United States and that the Immigration Service has taken him into custody. The defendant will, in all likelihood, be deported at his next hearing date, which is May 23, 2007, or shortly thereafter.

The only way that the government can proceed with its case is if the Court revokes the defendant's conditions of release and issues a warrant so that the Immigration proceedings will be stayed.

The government believes that the defendant's unlawful status in the United States means that no condition or combination of conditions can assure the appearance of the defendant as required. See 18 U.S.C. § 3142(e). The defendant is currently located at the Donald W. Wyatt Detention Facility, 950 High Street, Central Falls, Rhode Island 02863.

WHEREFORE, the government respectfully requests that the Court revoke the defendant's conditions of release so that he will appear as required.

Dated at Rutland, in the District of Vermont, this 21st day of May, 2007.

Respectfully submitted,

UNITED STATES OF AMERICA

THOMAS D. ANDERSON
United States Attorney

By: Elizabeth C. Woodcock

ELIZABETH C. WOODCOCK
Assistant U.S. Attorney
P.O. Box 10
Rutland VT 05702-0010
(802) 773-0231

**CERTIFICATE OF SERVICE**

I, Lauren B. Gebo, Legal Assistant for the United States Attorney's Office for the District of Vermont, do hereby certify that I have served a copy of the foregoing **MOTION FOR REVOCATION OF CONDITIONS OF RELEASE AND REQUEST FOR A WARRANT** on the Defendant by mailing a copy thereof to the following:

Maryanne Kampmann, Esquire
Stetler, Allen & Kampmann
95 St. Paul Street
Burlington, VT 05401

Dated at Burlington, in the District of Vermont, this 21[st] day of May, 2007.

LAUREN B. GEBO
Legal Assistant
United States Attorney's Office
P.O. Box 570
Burlington, VT 05402

# UNITED STATES DISTRICT COURT

3-1-07

District of Vermont

United States of America

V.

Diego Silva
Defendant

## ORDER SETTING CONDITIONS OF RELEASE

Case Number: 2:07-MJ-17-1

IT IS ORDERED that the release of the defendant is subject to the following conditions:

(1) The defendant shall not commit any offense in violation of federal, state or local law while on release in this case.

(2) The defendant shall immediately advise the court, defense counsel and the U.S. attorney in writing before any change in address and telephone number.

(3) The defendant shall appear at all proceedings as required and shall surrender for service of any sentence imposed as directed. The defendant shall appear at (if blank, to be notified) ______________________
Place

______________________ on ______________________
Date and Time

### Release on Personal Recognizance or Unsecured Bond

IT IS FURTHER ORDERED that the defendant be released provided that:

( ✔ ) (4) The defendant promises to appear at all proceedings as required and to surrender for service of any sentence imposed.

(   ) (5) The defendant executes an unsecured bond binding the defendant to pay the United States the sum of ______________________ dollars ($ __________) in the event of a failure to appear as required or to surrender as directed for service of any sentence imposed.

DISTRIBUTION: COURT DEFENDANT PRETRIAL SERVICES U.S. ATTORNEY U.S. MARSHAL

## Additional Conditions of Release

Upon finding that release by one of the above methods will not by itself reasonably assure the appearance of the defendant and the safety of other persons and the community.

IT IS FURTHER ORDERED that the release of the defendant is subject to the conditions marked below:

( ) (6) The defendant is placed in the custody of:

(Name of person or organization) ______________________

(Address) ______________________

(City and state) ______________________ (Tel. No.) ______________________

who agrees (a) to supervise the defendant in accordance with all the conditions of release, (b) to use every effort to assure the appearance of the defendant at all scheduled court proceedings, and (c) to notify the court immediately in the event the defendant violates any conditions of release or disappears.

Signed: ______________________ ______________________

Custodian or Proxy Date

(✓) (7) The defendant shall:

(✓) (a) report to the PTS as directed ,
telephone number ______________, not later than ______________ .

( ) (b) execute a bond or an agreement to forfeit upon failing to appear as required the following sum of money or designated property:

( ) (c) post with the court the following indicia of ownership of the above-described property, or the following amount or percentage of the above-described ______________ .

( ) (d) execute a bail bond with solvent sureties in the amount of $ ______________ .

(✓) (e) maintain or actively seek employment.

( ) (f) maintain or commence an education program.

(✓) (g) surrender any passport to: Clerk, U.S. District Court within 48 hours of return to NJ

(✓) (h) obtain no passport.

(✓) (i) abide by the following restrictions on personal association, place of abode, or travel:
travel restricted to NJ, NY & VT for Court purposes only. Reside with mother at 328 Palisade Ave. Apt4,Cliffside Park, NJ 07010 unless **

( ) (j) avoid all contact, directly or indirectly, with any persons who are or who may become a victim or potential witness in the subject investigation or prosecution, including but not limited to:

( ) (k) undergo medical or psychiatric treatment and/or remain in an institution as follows:

( ) (l) return to custody each (week) day as of ______________ o'clock after being released each (week) day as of ______________ o'clock for employment, schooling, or the following limited purpose(s):

( ) (m) maintain residence at a halfway house or community corrections center, as deemed necessary by the pretrial services office or supervising officer.

( ) (n) refrain from possessing a firearm, destructive device, or other dangerous weapons.

(✓) (o) refrain from (✓) any ( ) excessive use of alcohol.

(✓) (p) refrain from use or unlawful possession of a narcotic drug or other controlled substances defined in 21 U.S.C. § 802, unless prescribed by a licensed medical practitioner.

(✓) (q) submit to any method of testing required by the pretrial services office or the supervising officer for determining whether the defendant is using a prohibited substance. Such methods may be used with random frequency and include urine testing, the wearing of a sweat patch, a remote alcohol testing system, and/or any form of prohibited substance screening or testing.

(✓) (r) participate in a program of inpatient or outpatient substance abuse therapy and counseling if deemed advisable by the pretrial services office or supervising officer.

(✓) (s) refrain from obstructing or attempting to obstruct or tamper, in any fashion, with the efficiency and accuracy of any prohibited substance testing or electronic monitoring which is (are) required as a condition(s) of release.

( ) (t) participate in one of the following home confinement program components and abide by all the requirements of the program which ( ) will or ( ) will not include electronic monitoring or other location verification system. You shall pay all or part of the cost of the program based upon your ability to pay as determined by the pretrial services office or supervising officer.

( ) (i) **Curfew.** You are restricted to your residence every day ( ) from ______________ to ______________, or ( ) as directed by the pretrial services office or supervising officer; or

( ) (ii) **Home Detention.** You are restricted to your residence at all times except for employment; education; religious services; medical, substance abuse, or mental health treatment; attorney visits; court appearances; court-ordered obligations; or other activities as pre-approved by the pretrial services office or supervising officer; or

( ) (iii) **Home Incarceration.** You are restricted to your residence at all times except for medical needs or treatment, religious services, and court appearances pre-approved by the pretrial services office or supervising officer.

(✓) (u) report as soon as possible, to the pretrial services office or supervising officer any contact with any law enforcement personnel, including, but not limited to, any arrest, questioning, or traffic stop.

(✓) (v) maintain contact with attorney.

(✓) (w) **otherwise advised by PTS.

( ) (x)

DISTRIBUTION: COURT DEFENDANT PRETRIAL SERVICES U.S. ATTORNEY U.S. MARSHAL

## Advice of Penalties and Sanctions

TO THE DEFENDANT:

YOU ARE ADVISED OF THE FOLLOWING PENALTIES AND SANCTIONS:

A violation of any of the foregoing conditions of release may result in the immediate issuance of a warrant for your arrest, a revocation of release, an order of detention, and a prosecution for contempt of court and could result in a term of imprisonment, a fine, or both.

The commission of a Federal offense while on pretrial release will result in an additional sentence of a term of imprisonment of not more than ten years, if the offense is a felony; or a term of imprisonment of not more than one year, if the offense is a misdemeanor. This sentence shall be in addition to any other sentence.

Federal law makes it a crime punishable by up to 10 years of imprisonment, and a $250,000 fine or both to obstruct a criminal investigation. It is a crime punishable by up to ten years of imprisonment, and a $250,000 fine or both to tamper with a witness, victim or informant; to retaliate or attempt to retaliate against a witness, victim or informant; or to intimidate or attempt to intimidate a witness, victim, juror, informant, or officer of the court. The penalties for tampering, retaliation, or intimidation are significantly more serious if they involve a killing or attempted killing.

If after release, you knowingly fail to appear as required by the conditions of release, or to surrender for the service of sentence, you may be prosecuted for failing to appear or surrender and additional punishment may be imposed. If you are convicted of:

(1) an offense punishable by death, life imprisonment, or imprisonment for a term of fifteen years or more, you shall be fined not more than $250,000 or imprisoned for not more than 10 years, or both;
(2) an offense punishable by imprisonment for a term of five years or more, but less than fifteen years, you shall be fined not more than $250,000 or imprisoned for not more than five years, or both;
(3) any other felony, you shall be fined not more than $250,000 or imprisoned not more than two years, or both;
(4) a misdemeanor, you shall be fined not more than $100,000 or imprisoned not more than one year, or both.

A term of imprisonment imposed for failure to appear or surrender shall be in addition to the sentence for any other offense. In addition, a failure to appear or surrender may result in the forfeiture of any bond posted.

## Acknowledgment of Defendant

I acknowledge that I am the defendant in this case and that I am aware of the conditions of release. I promise to obey all conditions of release, to appear as directed, and to surrender for service of any sentence imposed. I am aware of the penalties and sanctions set forth above.

[signature]
Signature of Defendant

328 Palisade Ave. #4
Address

Cliffside Park NJ 07010 201-282-4935
City and State Telephone

## Directions to United States Marshal

(✓) The defendant is ORDERED released after processing.
( ) The United States marshal is ORDERED to keep the defendant in custody until notified by the clerk or judicial officer that the defendant has posted bond and/or complied with all other conditions for release. The defendant shall be produced before the appropriate judicial officer at the time and place specified, if still in custody.

Date: 3/1/2007

/s/ William K. Sessions III
Signature of Judicial Officer

Hon. William K. Sessions III, Chief Judge
Name and Title of Judicial Officer

DISTRIBUTION: COURT DEFENDANT PRETRIAL SERVICE U.S. ATTORNEY U.S. MARSHAL

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF VERMONT

UNITED STATES OF AMERICA )
)
v. ) Criminal No. 2:07-cr-29-1,2
)
DIEGO SILVA, and )
MARCO A. SILVA )
Defendants. )

U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED
2007 MAR 28 PM 3:14
CLERK
BY [signature]
DEPUTY CLERK

INDICTMENT

COUNT ONE

The United States Attorney charges:

On or about February 28, 2007, in the District of Vermont, MARCO A. SILVA and DIEGO SILVA, the defendants, did conspire with themselves, and others unknown to the Grand Jury to, knowing or that a person is an alien, bring to or attempt to bring to the United States such person at a place other than a designated port of entry or place other than as designated by the Commissioner.

The offense was done for the purpose of private financial gain.

(8 U.S.C. § 1324(a)(1)(A)(i) and § 1324(a)(1)(A)(v)(I))

A TRUE BILL

3/28/2007
Date

~~(JMC)~~ Thomas D. Anderson /ech
THOMAS D. ANDERSON
United States Attorney
Burlington, Vermont
March 28, 2007

AO91 (Rev. 12/03) Criminal Complaint

U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED
2007 MAR -1 AM 11:15
BY [signature] DEPUTY CLERK

# UNITED STATES DISTRICT COURT

DISTRICT OF VERMONT

UNITED STATES OF AMERICA
V.
DIEGO SILVA,
MARCO AURELIO GUIMARAES SILVA

(Name and Address of Defendant)

## CRIMINAL COMPLAINT

Case Number: 2:07-mj-17

I, the undersigned complainant state that the following is true and correct to the best of my knowledge and belief. On or about 2/28/2007 (Date) in Orleans County, in the ______ District of Vermont defendant(s) did,

*(Track Statutory Language of Offense)*

conspire with themselves and others to knowingly bring to the United States aliens other than at a designated port of entry for private financial gain

in violation of Title 8 United States Code, Section(s) 1324(a)(1)(A)(v)(I).

I further state that I am a(n) Lead Border Patrol Agent (Official Title) and that this complaint is based on the following facts:

See attached affidavit.

Continued on the attached sheet and made a part of this complaint: ☑ Yes ☐ No

[signature]
Signature of Complainant

Blanca Flanagan
Printed Name of Complainant

Sworn to before me and signed in my presence,

3/1/2007
Date

at Burlington, VT
City State

William K. Sessions III
Name of Judge

U.S. Chief District Judge
Title of Judge

[signature]
Signature of Judge

# AFFIDAVIT

Blanca Flanagan, being duly sworn, deposes and states:

1. I am a Lead Border Patrol Agent with the United States Border Patrol, Department of Homeland Security.

2 This affidavit is based on information I have received from others involved in this investigation, as well as my own investigation.

3. This affidavit is offered to demonstrate that probable cause exists to believe that **Diego SILVA**, whose date of birth is May 6, 1986 and **Marco Aurelio Guimaraes SILVA**, whose date of birth is August 2, 1958 did conspire with themselves and others to bring aliens to the United States at a place other than a designated port of entry, knowing or in reckless disregard of the fact that the aliens had come to or entered the United States in violation of 8 U.S.C. 1324(a)(1)(A)(v)(I).

4. I and my Border Patrol colleagues am aware that alien smugglers frequently drive to the U.S./Canada border in Canada and instruct or guide aliens by foot across the border to be picked up by United States vehicles. I am also aware that numerous alien smuggling loads have recently been loaded into vehicles along the area of the Valley Road in Derby Line, Vermont, which runs parallel to the U.S./Canadian border and is in close proximity to the border. There is no port of entry at this area of the Valley Road.

5. At approximately 7:00 P.M. on February 28, 2007, at a time when it was very cold, Senior Border Patrol Agent Larry Wooten received a radio transmission that a citizen, who lived on Valley Road, had called reporting a black Dodge Durango with one occupant had just turned around in his driveway and traveled back towards Derby Line.

6. Agent Wooten proceeded to a place along Valley Road where he could observe traffic. While sitting at the intersection of Valley Road and the on-ramp to I-91, he observed a black Dodge Durango bearing New Jersey plates turn left onto I-91 and proceed south. As it passed, he saw two individuals in the vehicle. He followed the vehicle and requested a registration check, which returned revealing the vehicle was a rental owned by a company in Tulsa, Oklahoma.

7. Agent Wooten stopped the vehicle in order to perform an immigration inspection of the occupants. Both individuals admitted they were citizens of Brazil. During roadside questioning, the driver, who was later identified as Marco SILVA, said they were in the area to purchase wood for fencing. The passenger, later identified as Diego SILVA, said they were just out looking for The Cow Palace Restaurant. Both were transported to the Newport Border Station for further investigation.

8. While in route to the station, the same citizen who had reported the sighting of the Durango, called back to the station to report seeing two individuals walking back to Canada; Canadian authorities subsequently arrested the two individuals. The two were identified as Firasat Omar and Abdul Kurby. Both are citizens of India. Indices checks revealed that Kurby and Omar have a United States immigration record but have no legal status to be present in the United States. Omar advised that he was to be smuggled into the United States in exchange for $2,500, and that he had been instructed that a vehicle would pick them up on the United States' side of the border, and that the vehicle would have New Jersey license plates. Omar was found to be suffering from hypothermia.

9. At the Newport Border Patrol Station, it was determined that Diego SILVA was a lawfully admitted permanent resident. The driver, Marco SILVA is a citizen and

national of Brazil, who was not in possession of any immigration documents which would allow him to be in or reside in the United States.

10. I advised Marco SILVA of his *Miranda* rights and he acknowledged an understanding of those rights and agreed to waive those rights. Marco Silva admitted he was in the area in order to pick up two persons who would be entering the United States illegally from Canada. He admitted that he was to be paid for doing so.

11. Later, I advised Diego SILVA of his *Miranda* rights and he also acknowledged an understanding of those rights and agreed to waive those rights. Diego SILVA provided the same information as Marco SILVA and stated further he and Marco were to be paid $1,500 for each person transported in the United States. He stated he accompanied his father, Marco, aware of the planned pick up and transportation of the aliens.

Dated at Burlington, in the District of Vermont, this 1st day of March 2007.

Blanca Flanagan
Lead Border Patrol Agent
United State Border Patrol

Sworn to and subscribed before me this 1st day of March 2007.

WILLIAM K. SESSIONS III
U.S. Chief District Judge

INTERPRETER

# U.S. District Court
# District of Vermont (Burlington)
# CRIMINAL DOCKET FOR CASE #: 2:07-cr-00029-wks-1

Case title: USA v. Silva et al
Magistrate judge case number: 2:07-mj-00017-jjn

Date Filed: 03/28/2007

---

Assigned to: Hon. William K. Sessions, III

**Defendant**

**Diego Silva** (1)

represented by **Maryanne E. Kampmann**
Stetler, Allen & Kampmann
95 St. Paul Street, Suite 304
Burlington, VT 05401
(802) 660-8646
Fax: (802) 863-6803
Email: kampmannlaw@aol.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: CJA Appointment*

| **Pending Counts** | **Disposition** |
|---|---|
| 8:1324(a)(1)(A)(i) and 1324(a)(1)(A)(v)(I) BRINGING IN AND HARBORING ALIENS - transporting aliens within US (1) | |

**Highest Offense Level (Opening)**

Felony

| **Terminated Counts** | **Disposition** |
|---|---|
| None | |

**Highest Offense Level (Terminated)**

None

| **Complaints** | **Disposition** |
|---|---|
| 8:1324.F-BRINGING IN AND HARBORING ALIENS - transporting aliens within the US | |

**Plaintiff**

**USA** represented by **Elizabeth C. Woodcock**
Office of the United States Attorney
P.O. Box 10
Rutland, VT 05701-0010
(802) 773-0231
Email: elizabeth.woodcock@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 03/01/2007 | 2 | COMPLAINT as to Diego Silva (1), Marco Aurelio Guimara Silva (2). (Attachments: # 1 Affidavit of Blanca Flanagan) (law) [2:07-mj-00017-jjn] (Entered: 03/01/2007) |
| 03/01/2007 | | CJA 20 as to Diego Silva, Marco Aurelio Guimara Silva: Appointment of Attorney Maryanne E. Kampmann for Diego Silva, David Watts for Marco Aurelio Guimara Silva. (law) [2:07-mj-00017-jjn] (Entered: 03/01/2007) |
| 03/01/2007 | 3 | CJA 23 Financial Affidavit by Diego Silva. (Document image is sealed) (jam) [2:07-mj-00017-jjn] (Entered: 03/06/2007) |
| 03/01/2007 | 5 | MINUTE ENTRY for proceedings held before Judge William K. Sessions III: Initial Appearance as to Diego Silva, Marco Aurelio Guimara Silva held on 3/1/2007. Dfts present w/ counsel M. Kampmann & J. Sawyer; W. Fuller present for govt. S. Del Castillo Alzamora present as interpreter for dft Marco Aurelio Guimaraes Silva. Clerk swears dfts & Court makes inquiries. Attorneys appointed. Dft Marco Silva does not oppose detention at this time. ORDERED: dft Marco Silva detained; dft Diego Silva released on conditions; probable cause hearing before Magistrate Judge Niedermeier set for 3/15/07 at 2:00 as to Marco Silva and 3/21/07 at 2:00 as to Diego Silva. (Court Reporter: Nichols) (jam, ) [2:07-mj-00017-jjn] (Entered: 03/07/2007) |
| 03/01/2007 | 6 | ORDER Setting Conditions of Release as to Diego Silva Signed by Judge William K. Sessions III on 3/1/07. Copy to USMS (jam) [2:07-mj-00017-jjn] (Entered: 03/07/2007) |
| 03/06/2007 | | Attorney update in case as to Diego Silva, Marco Aurelio Guimara Silva. Attorney Elizabeth C. Woodcock for USA added. Attorney John M. Conroy terminated. Pursuant to Michele @ USAO. (law) [2:07-mj-00017-jjn] (Entered: 03/06/2007) |
| 03/12/2007 | 8 | NOTICE OF HEARING as to Diego Silva, Marco Aurelio Guimara Silva: Arraignment or Preliminary Examination set for 3/15/2007 12:00 PM in Burlington Courtroom 440 before Hon. Jerome J. Niedermeier. (jjj) [2:07-mj-00017-jjn] (Entered: 03/12/2007) |

| | | |
|---|---|---|
| 03/14/2007 | 9 | UNOPPOSED MOTION to Continue *Preliminary Hearing* by USA as to Diego Silva, Marco Aurelio Guimara Silva. (Attachments: # 1 Text of Proposed Order # 2 Certificate of Service)(Woodcock, Elizabeth) [2:07-mj-00017-jjn] (Entered: 03/14/2007) |
| 03/15/2007 | 10 | APPLICATION/AFFIDAVIT for Search Warrant as to a Motorola cell phone, telephone number 201/522-2021; a Motorola i-860 cell phone, serial number 364V4FALDO; and a Samsung cell phone, telephone number 646/240-5573 as to Diego Silva, Marco Aurelio Guimara Silva. (law) [2:07-mj-00017-jjn] (Entered: 03/15/2007) |
| 03/22/2007 | 12 | ORDER granting 9 Motion to Continue Perliminary Hearing until 3/29/2007 as to Diego Silva (1) and Marco Aurelio Guimara Silva (2). Signed by Judge Jerome J. Niedermeier on 3/22/2007. (jlh) [2:07-mj-00017-jjn] (Entered: 03/22/2007) |
| 03/28/2007 | 13 | INDICTMENT as to Diego Silva (1) count(s) 1, Marco Aurelio Guimara Silva (2) count(s) 1. (law) (Entered: 03/28/2007) |
| 03/30/2007 | 14 | NOTICE OF HEARING as to Diego Silva, Marco Aurelio Guimara Silva: Arraignment set for 4/5/2007 01:00 PM in Burlington Courtroom 440 before Hon. Jerome J. Niedermeier. (jjj) (Entered: 03/30/2007) |
| 04/04/2007 | 15 | FIRST MOTION for Writ of Habeas Corpus ad prosequendum by USA as to Diego Silva. (Woodcock, Elizabeth) (Entered: 04/04/2007) |
| 04/04/2007 | 16 | FIRST MOTION for Writ of Habeas Corpus ad prosequendum by USA as to Diego Silva. (Woodcock, Elizabeth) (Entered: 04/04/2007) |
| 04/04/2007 | 17 | ORDER granting 16 Motion for Writ of Habeas Corpus ad prosequendum as to Diego Silva. Signed by Judge Jerome J. Niedermeier on 4/4/2007. (This is a text only Order.) (jjj) (Entered: 04/04/2007) |
| 04/04/2007 | 18 | ISSUED Writ of Habeas Corpus ad Prosequendum as to Diego Silva for 4/6/07. (jjj) (Entered: 04/04/2007) |
| 04/06/2007 | 20 | MINUTE ENTRY for proceedings held before Judge Jerome J. Niedermeier: Arraignment as to Diego Silva on 4/6/2007. Dft present with Bud Allen, Esq.; Elizabeth Woodcock, AUSA, present for Govt. Dft pled not guilty to Count 1. ORDERED: Pretrial motions to be filed by 6/5/2007, pretrial conference to be held 7/5/2007. (Court Reporter: taped) (jjj) (Entered: 04/06/2007) |
| 04/09/2007 | 21 | CRIMINAL PRETRIAL SCHEDULING ORDER as to Diego Silva and Marco Aurelio Guimara Silva. Motions due by 6/5/2007. A PTC will be scheduled sometime after 7/21/2007 if no motions are filed. Signed by Judge Jerome J. Niedermeier on 4/9/2007. The time to be excluded shall commence on 4/5/2007 and continue until 6/5/2007. (jlh) (Entered: 04/09/2007) |
| 05/21/2007 | 22 | MOTION for Revocation of Conditions of Release and REQUEST for a Warrant by USA as to Diego Silva. (law) (Entered: 05/21/2007) |
| 05/22/2007 | 23 | ORDER granting 22 Motion for Warrant as to Diego Silva (1). Signed by |

| | | |
|---|---|---|
| | | Judge William K. Sessions III on 5/22/2007. (This is a text only Order.) (eae) Text corrected 5/22/2007. (jmm) (Entered: 05/22/2007) |

| PACER Service Center | | | |
|---|---|---|---|
| Transaction Receipt | | | |
| 06/06/2007 08:27:29 | | | |
| **PACER Login:** | us6061 | **Client Code:** | |
| **Description:** | Docket Report | **Search Criteria:** | 2:07-cr-00029-wks |
| **Billable Pages:** | 2 | **Cost:** | 0.16 |